D. Craig Parry (#7274)
Chad S. Pehrson (#12622)
Steven R. Glauser (#15607)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, UT  84111
Telephone:     (801) 532-7840
Facsimile:      (801) 532-7750
cparry@parrbrown.com
cpehrson@parrbrown.com
sglauser@parrbrown.com

*Attorneys for Defendant Spectrum Solutions, LLC*

# IN THE UNITED STATES DISTRICT COURT, IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ULTRADENT PRODUCTS, INC., a Utah corporation; ORATECH, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SPECTRUM SOLUTIONS LLC, a Utah limited liability company; and NEIL J. JOHNSON, an individual;,<br><br>Defendants. | **DEFENDANT SPECTRUM SOLUTIONS LLC'S RULE 12(b)(6) AND RULE 12(b)(1) MOTION TO DISMISS**<br><br>Case No. 2:17-cv-00890-JNP<br><br>Judge Jill N. Parrish |

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Defendant Spectrum Solutions LLC respectfully moves the Court for an order dismissing the sole federal claim in this litigation, the Defend Trade Secrets Act ("DTSA") claim, and, consequently, the entire Complaint

due to lack of subject matter jurisdiction.

## RELIEF SOUGHT AND GROUNDS FOR THE RELIEF

Plaintiffs' DTSA claim should be dismissed pursuant to Rule 12(b)(6) for two independent reasons: First, the DTSA applies only to misappropriation of trade secrets occurring after May 11, 2016, and the Complaint fails to allege misappropriation occurring after that date. Second, Plaintiffs fail to sufficiently allege that Spectrum or Defendant Neil J. Johnson misappropriated Plaintiffs' trade secrets. Rather, Plaintiffs assert only conclusory "information and belief" allegations that must be rejected under the governing pleading standard. Upon dismissal of the DTSA claim, the Court will no longer have subject matter jurisdiction and must dismiss this action pursuant to Rule 12(b)(1) and 28 U.S.C. § 1331.

## INTRODUCTION

Spectrum and Oratech have had a contractual relationship dating back five years. Most of the allegations in Plaintiffs' Complaint focus upon the terms of and the parties' performance under a manufacturing agreement. In addition to the contractual claims, Plaintiffs assert one federal claim under the DTSA; however, this claim, alleged on information and belief, fails to allege sufficient facts to support the requisite elements. First, the misappropriation allegations are undated and there is no allegation setting forth a misappropriation that occurred after DTSA's effective date. Second, the Complaint makes conclusory allegations that fall below the pleading standard.

## STATEMENT OF FACTS

1.  Plaintiffs assert federal jurisdiction over their DTSA claim pursuant to 18 U.S.C. §

1836 and 28 U.S.C. § 1331. Plaintiffs assert supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367. [Complaint, ¶ 6.]

2. Oratech and Spectrum entered into a Manufacturing Agreement on October 31, 2012, for Oratech to manufacture DNA test kits. [Complaint, ¶ 12.]

3. Plaintiffs allege on information and belief that Spectrum acquired Ultradent's trade secrets while visiting Ultradent's facilities on an unspecified date to monitor the manufacture of certain products. [Complaint, ¶ 70.]

4. Plaintiffs allege on information and belief that Spectrum acquired Ultradent's trade secrets on an unspecified date by inducing Derrick Christman and Defendant Neil J. Johnson to violate their employment agreements with Ultradent. [Complaint, ¶ 69.]

5. Plaintiffs allege on information and belief that Spectrum is using or is threatening to use Ultradent's trade secrets it acquired to set up a manufacturing facility to compete with Ultradent. [Complaint, ¶ 71.]

6. Ultradent hired Johnson in 2002 and terminated Johnson's employment on November 2, 2015. [Complaint, ¶ 33.]

7. Plaintiffs allege on information and belief that Johnson violated his employment agreement on an unspecified date "by consulting or being employed by Spectrum and by disclosing Ultradent's trade secrets…to Spectrum." [Complaint, ¶ 40.]

## ARGUMENT

### I. PLAINTIFFS FAIL TO PROPERLY ALLEGE A DTSA CLAIM.

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim and should be dismissed. *Id.*

In ruling on motions to dismiss, courts must accept only well-pled allegations as true and "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive a motion to dismiss, a complaint must therefore contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *Burnett v. Mortgage Elec. Registration Sys.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Burnett*, 706 F. 3d at 1235 (citation omitted).

#### a. The DTSA Only Applies to Misappropriation that Occurred After May 11, 2016.

Plaintiffs' only basis for federal jurisdiction is their DTSA claim. [Complaint, ¶ 6.] To state a claim under the DTSA the plaintiff must allege (1) the existence of a trade secret; (2)

4

misappropriation of the trade secret by another; and (3) the trade secret's relation to a good or service used or intended for use in interstate or foreign commerce. 18 U.S.C. § 1836(b)(1). The DTSA defines "misappropriation" as "acquisition," "disclosure," or "use" of a trade secret that was acquired by improper means. 18 U.S.C. § 1839(5). "Improper means" is defined as "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage…" *Id.* at § 1839(6).

The DTSA came into effect on May 11, 2016. *See* Defend Trade Secrets Act of 2016, Pub. L. No. 114-153, § 2(e), 130 Stat. 376, 381-82. Thus, the DTSA only applies to acts of misappropriation that occurred **on or after May 11, 2016**. *Id.*; *see Gold Medal Prod. Co. v. Bell Flavors & Fragrances, Inc.*, No. 1:16-cv-00365, 2017 WL 1365798, at *4 n.3 (S.D. Ohio Apr. 14, 2017) ("A party can bring a claim under the DTSA only with respect to any claim for misappropriation of a trade secret…for which act occurs on or after the date of enactment of this DTSA." (ellipses in original, quotations omitted)). If a plaintiff fails to allege acts of misappropriation that occurred on or after May 11, 2016, the DTSA claim should be dismissed pursuant to Rule 12(b)(6). *See, e.g.*, *Wang v. Golf Tailor, LLC*, No. 17-cv-00898-LB, 2017 WL 2861111, at *4 (N.D. Cal. July 5, 2017) (granting 12(b)(6) motion on DTSA claim because plaintiff's "allegations show that, by May 11, 2016 [the DTSA's effective date], it had already lost any trade secrets that it had in this product."); *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 337-38 (D. Del. 2017) (dismissing DTSA claim because the "complaint does not allege any acts on or after May 11, 2016 other than a conclusory allegation of continuing use and disclosure.").

### b. Plaintiffs Fail to Sufficiently Allege that Spectrum Misappropriated Trade Secrets and that it did so After DTSA's Enactment.

Similar to the cases cited above, Plaintiffs fail to state a DTSA claim against Spectrum. For the misappropriation element of this claim, Plaintiffs allege Spectrum acquired Ultradent's trade secrets in two ways. First, Plaintiffs allege on information and belief that Spectrum acquired unidentified trade secrets while visiting Ultradent's facilities to monitor the manufacture of products. [Complaint, ¶ 70.]  Plaintiffs fail to identify the date of the proposed inspection visit. [*Id.*] Spectrum's alleged acquisition of Ultradent's unidentified trade secrets by visiting the manufacturing facilities on an unspecified date cannot support a DTSA claim.

Second, Plaintiffs allege Spectrum acquired Ultradent's trade secrets by inducing Christman[1] and Defendant Johnson to violate their employment agreements. [Complaint, ¶ 69.] Just as the rest of Plaintiffs' DTSA allegations, Plaintiffs make this allegation on information and belief and fail to give the date of such acquisition. [*Id.*]  Plaintiffs also fail to identify the trade secrets that were allegedly acquired and how Spectrum induced Johnson and Christman to breach their agreements. [*Id.*] This allegation of acquisition is merely another "naked assertion[] devoid of further factual enhancement" as required by the pleading standard. *Iqbal*, 556 U.S. at 678 (quotations omitted)). The DTSA claim cannot stand on this conclusory allegation.

Plaintiffs' final attempt to pin DTSA liability on Spectrum is yet another conclusory allegation, based on information and belief, stating Spectrum is using or threatening to use

---

[1] Plaintiffs originally named Derrick Christman as a defendant in this suit and brought their DTSA claim against him as well as against Johnson and Spectrum. However, Plaintiffs voluntarily dismissed Christman from the suit on September 14, 2017. [Dkt. 12.]

Ultradent's trade secrets to set up a manufacturing facility. [Complaint, ¶ 71.] No facts are set forth relevant to this allegation. [*Id.*] Plaintiffs fail to identify the trade secrets Spectrum is supposedly using or threatening to use. [*Id.*] Plaintiffs fail to identify a specific threat by Spectrum to use any of Ultradent's trade secrets. [*Id.*] Instead, Plaintiffs improperly speculate as to whether Spectrum is using or plans to use their trade secrets to build a facility. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level…"). "Such 'naked assertions' and 'conclusions' are not the sort of factual allegations that the Court must accept as true at the pleading stage." *Veronica Foods Co. v. Ecklin*, No. 16-cv-07223-JCS, 2017 WL 2806706, at *13-15 (N.D. Cal. June 29, 2017) (quoting *Iqbal*, 556 U.S. at 678) (dismissing DTSA claim pursuant to Rule 12(b)(6) because plaintiff's "assertion that Defendants were using trade secrets misappropriated from [plaintiff] when they convinced [plaintiff] customer stores to switch their business to MillPress in certain months after that date…is a legal conclusion couched as a factual allegation that does not meet [plaintiff]'s burden of pleading" thus plaintiff failed to allege misappropriation *after* DTSA's enactment (quotations omitted)). Indeed, courts have rejected analogous allegations of threatened misappropriation. *See Hydrogen*, 228 F. Supp. 3d at 338 ("The complaint does not allege any acts on or after May 11, 2016 other than a conclusory allegation of continuing use and disclosure.").

      Each of Plaintiffs' allegations of misappropriation to support their DTSA claim is based on information and belief. Plaintiffs set forth no "factual enhancement" supporting their belief that their trade secrets have been misappropriated, which is impermissible under Rule 8. *See Twombly*, 550 U.S. at 552 (finding complaint insufficient because it "couches its ultimate

7

allegations…upon information and belief" without sufficient factual matter). Moreover, Plaintiffs set forth no factual allegations of misappropriation that occurred *after* the DTSA's enactment. The vague allegations and absent factual support for Plaintiffs' DTSA claim illustrate that this case is, in reality, a simple contract dispute that should be settled in state court. The Court should find Plaintiffs failed to carry their pleading burden and should dismiss the DTSA claim accordingly.

### c. Plaintiffs fail to Sufficiently Allege that Johnson Misappropriated Trade Secrets and that He did so After DTSA's Enactment.

The Court should also dismiss the DTSA claim with respect to Johnson because Plaintiffs fail to allege any specific acts of misappropriation by him on or after May 11, 2016. Plaintiffs only allege one act of misappropriation by Johnson: a conclusory allegation stating he violated his employment agreement with Ultradent on an unspecified date by disclosing Ultradent's trade secrets to Spectrum. [Complaint, ¶ 40.] This undated allegation, made on information and belief, does not specify that such disclosure occurred after DTSA's enactment. [*Id.*] This allegation also fails to identify what specific trade secrets Johnson supposedly disclosed or how such disclosure was made. [*Id.*] The lack of dates on the essential allegations is telling, particularly where Plaintiffs allege Johnson was hired in 2002 and his employment was terminated on November 2, 2015. [*Id.* at ¶ 33.]

Plaintiffs' single information-and-belief allegation of misappropriation against Johnson is nothing more than "a formulaic recitation of the elements of a cause of action" under the DTSA, which "will not do" under Rule 8. *See Twombly*, 550 U.S. at 555. Plaintiffs' conclusory allegation

does not specifically identify any acts of misappropriation by Johnson that occurred after DTSA's enactment. Thus, the Court should dismiss the DTSA claim against Johnson.

### d. The Court Should Dismiss the Complaint for Lack of Subject Matter Jurisdiction.

Plaintiffs' DTSA claim is the only alleged basis for federal jurisdiction. Upon dismissal of the DTSA claim, this Court will lack subject matter jurisdiction and must dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 25 U.S.C. § 1331. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.").

### CONCLUSION

For the foregoing reasons, Spectrum respectfully requests that the Court dismiss Plaintiffs' DTSA claim, and therefore the Complaint for lack of subject matter jurisdiction.

RESPECTFULLY SUBMITTED this 20th day of September, 2017.

    PARR BROWN GEE & LOVELESS

    */s/* Steven R. Glauser
    D. Craig Parry
    Chad S. Pehrson
    Steven R. Glauser
    *Attorneys for Defendant Spectrum Solutions LLC*

## CERTIFICATE OF SERVICE

On this 20th day of September, 2017, I hereby certify that I electronically caused to have filed the foregoing **DEFENDANT SPECTRUM SOLUTIONS LLC'S RULE 12(b)(6) AND RULE 12(b)(1) MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record for all of the parties.

    /s/ Kris Henriod