Jason M. Kerr
jasonkerr@ppktrial.com
PRICE, PARKINSON & KERR
5742 W. Harold Gatty Drive
Salt Lake City, UT  84116
Telephone:     (801) 530-2900
Facsimile:      (801) 530-2932

*Attorneys for Defendant Neil J. Johnson*

# IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ULTRADENT PRODUCTS, INC., a Utah corporation; ORATECH, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SPECTRUM SOLUTIONS LLC, a Utah limited liability company; and NEIL J. JOHNSON, an individual;,<br><br>Defendants. | **DEFENDANT NEIL J. JOHNSON'S RULE 12(b)(6) AND RULE 12(b)(1) MOTION TO DISMISS**<br><br><br>Case No. 2:17-cv-00890-JNP<br><br>Judge Jill N. Parrish |

Defendant Neil J. Johnson moves to dismiss all of Plaintiffs Ultradent Products, Inc.'s and Oratech, LLC's claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

## **RELIEF SOUGHT AND GROUNDS FOR THE RELIEF**

Plaintiffs' DTSA claim against Neil J. Johnson should be dismissed pursuant to Rule 12(b)(6) because the DTSA applies only to misappropriation of trade secrets occurring after May

11, 2016, and the Complaint fails to allege misappropriation occurring after that date. Also, Plaintiffs fail to sufficiently allege that Mr. Johnson misappropriated any of Plaintiffs' trade secrets. Rather, the Complaint asserts only a single "information and belief" paragraph, entirely devoid of any specific facts. Therefore, the DTSA claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Because at least one of the Plaintiffs and all of the Defendants are Utah residents there is no diversity jurisdiction, upon dismissal of the DTSA claim, the Court will no longer have subject matter jurisdiction and should therefore dismiss the remaining claims against Mr. Johnson under Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. § 1331.

## INTRODUCTION

According to the Complaint, Defendant Spectrum and Plaintiff Oratech have a contractual relationship dating back some years. According to the Complaint, some kind of dispute has arisen between Spectrum and Oratech and most of the allegations in Plaintiffs' Complaint focus on that dispute.

For reasons that are not entirely clear, given the bare-bones allegations of the Complaint, Oratech has decided to sue Mr. Johnson, a former Oratech employee and stranger to the alleged contracts between Oratech and Spectrum. Oratech asserts one federal claim against Mr. Johnson—for alleged violation of the DTSA. Yet, the factual allegations supporting the DTSA claim are contained in a single paragraph which states, "[u]pon information and belief, Mr. Johnson … violated [his] Employment Agreements with Ultradent … by disclosing Ultradent's trade secrets, or confidential, proprietary, technical or business information to Spectrum." This single paragraph

is so devoid of facts that Mr. Johnson cannot reasonably determine the nature of the claims against him. Mr. Johnson is left to guess at what "trade secret" he allegedly misappropriated and when he misappropriated it. There is no allegation in the Complaint that the alleged violation of the DTSA occurred after DTSA's effective date. Nor do the Complaint's allegations meet the standard of specificity required by the Supreme Court. The DTSA claim against Mr. Johnson should therefore be dismissed. Lacking subject matter jurisdiction over the remaining state law claims, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

## STATEMENT OF FACTS

1. Plaintiffs assert federal jurisdiction over their DTSA claim pursuant to 18 U.S.C. § 1836 and 28 U.S.C. § 1331. Plaintiffs assert supplemental jurisdiction over the Complaint's state law claims pursuant to 28 U.S.C. § 1367. [Complaint, ¶ 6.]

2. Oratech and Spectrum entered into a Manufacturing Agreement on October 31, 2012, for Oratech to manufacture DNA test kits. [Complaint, ¶ 12.]

3. Plaintiffs allege, on information and belief, that Spectrum acquired Ultradent's trade secrets while visiting Ultradent's facilities on an unspecified date or dates to monitor the manufacture of certain products. [Complaint, ¶ 70.]

4. Plaintiffs's Complaint then alleges that Mr. Johnson gave Spectrum what apparently are exactly the same trade secrets Plaintiffs allegedly had already revealed to Spectrum

during the site visits. [Complaint, ¶¶ 66-70.][1]

5. The entirety of the Plaintiffs' factual allegations regarding Mr. Johnson's alleged misappropriation and disclosure of trade secrets is as follows: "Upon information and belief, Mr. Johnson … violated [his] Employment Agreements with Ultradent … by disclosing Ultradent's trade secrets, or confidential, proprietary, technical or business information to Spectrum." [Complaint, ¶ 40.]

6. Ultradent hired Mr. Johnson in 2002 and terminated Mr. Johnson on November 2, 2015. [Complaint, ¶ 33.]

## ARGUMENT

### I. PLAINTIFFS FAIL TO PROPERLY ALLEGE A DTSA CLAIM AGAINST MR. JOHNSON.

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim and should be dismissed. *Id.*

---

[1] Plaintiffs originally also named Derrick Christman as a defendant in this suit and brought their DTSA claim against him as well, alleging that he stole trade secrets. However, Plaintiffs voluntarily dismissed Christman from the suit on September 14, 2017. [Dkt. 12.]

In ruling on motions to dismiss, courts must accept only well-pled allegations as true and "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive a motion to dismiss, a complaint must therefore contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678; *Burnett v. Mortgage Elec. Registration Sys.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Burnett*, 706 F. 3d at 1235 (citation omitted).

### a. The DTSA Only Applies to Misappropriation that Occurred After May 11, 2016.

Plaintiffs' only basis for federal jurisdiction is their DTSA claim. [Complaint, ¶ 6.] To state a claim under the DTSA the plaintiff must allege (1) the existence of a trade secret; (2) misappropriation of the trade secret by another; and (3) the trade secret's relation to a good or service used or intended for use in interstate or foreign commerce. 18 U.S.C. § 1836(b)(1). The DTSA defines "misappropriation" as "acquisition," "disclosure," or "use" of a trade secret that was acquired by improper means. 18 U.S.C. § 1839(5). "Improper means" is defined as "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage…" *Id.* at § 1839(6).

The DTSA came into effect on May 11, 2016. *See* Defend Trade Secrets Act of 2016, Pub. L. No. 114-153, § 2(e), 130 Stat. 376, 381-82. Thus, the DTSA only applies to acts of misappropriation that occurred **on or after May 11, 2016**. *Id.*; *see Gold Medal Prod. Co. v. Bell*

*Flavors & Fragrances, Inc.*, No. 1:16-cv-00365, 2017 WL 1365798, at *4 n.3 (S.D. Ohio Apr. 14, 2017) ("A party can bring a claim under the DTSA only with respect to any claim for misappropriation of a trade secret…for which act occurs on or after the date of enactment of this DTSA." (ellipses in original, quotations omitted)). If a plaintiff fails to allege acts of misappropriation that occurred on or after May 11, 2016, the DTSA claim should be dismissed pursuant to Rule 12(b)(6). *See, e.g.*, *Wang v. Golf Tailor, LLC*, No. 17-cv-00898-LB, 2017 WL 2861111, at *4 (N.D. Cal. July 5, 2017) (granting 12(b)(6) motion on DTSA claim because plaintiff's "allegations show that, by May 11, 2016 [the DTSA's effective date], it had already lost any trade secrets that it had in this product."); *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 337-38 (D. Del. 2017) (dismissing DTSA claim because the "complaint does not allege any acts on or after May 11, 2016 other than a conclusory allegation of continuing use and disclosure.").

### b. Plaintiffs fail to Sufficiently Allege that Mr. Johnson Misappropriated Trade Secrets and that He did so After DTSA's Enactment.

The Court should dismiss the DTSA claim against Mr. Johnson because Plaintiffs fail to allege any specific acts of misappropriation by him on or after May 11, 2016. Plaintiffs single paragraph threadbare factual allegation supporting the DTSA claim is "[u]pon information and belief, Mr. Johnson … violated [his] Employment Agreements with Ultradent … by disclosing Ultradent's trade secrets, or confidential, proprietary, technical or business information to Spectrum." [Complaint, ¶ 40.] This undated allegation, made on information and belief, does not specify that such disclosure occurred after DTSA's enactment. [*Id.*] The Complaint also fails to

identify what specific trade secrets Johnson supposedly disclosed or how such disclosure was made. [*Id.*]

Further, the allegations against Mr. Johnson are not plausible, for at least two reasons. First, it is not plausible that Mr. Johnson violated the DTSA, given Plaintiffs' own allegation that Mr. Johnson was terminated six months prior to the effective date of the DTSA on November 2, 2015. [*Id.* at ¶ 33.] Second, the allegations against Mr. Johnson are inconsistent with the allegations against Defendant Spectrum. Plaintiffs claim that Spectrum already knew the alleged trade secrets, ***because Plaintiffs revealed them to Spectrum***. According to the Plaintiffs' complaint, Plaintiffs let Spectrum employees into their facility and watch how they manufactured its DNA kits. [Complaint, ¶¶ 66-70.] Assuming that allegation is true, there was nothing for Mr. Johnson to reveal to Spectrum. Spectrum already had the allegedly confidential information. And the allegations of misappropriation against Mr. Johnson are therefore not plausible.

Plaintiffs' single information-and-belief allegation of misappropriation against Johnson is nothing more than "a formulaic recitation of the elements of a cause of action" under the DTSA, which "will not do" under Rule 8. *See Twombly*, 550 U.S. at 555. Thus, the Court should dismiss the DTSA claim against Mr. Johnson.

### c. The Court Should Dismiss the Complaint for Lack of Subject Matter Jurisdiction.

Plaintiffs' DTSA claim is the only alleged basis for federal jurisdiction. Upon dismissal of the DTSA claim, this Court will lack subject matter jurisdiction and must dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 25 U.S.C. § 1331. *See Basso*

7

*v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.").

## **CONCLUSION**

For the foregoing reasons, Spectrum respectfully requests that the Court dismiss Plaintiffs' DTSA claim, and therefore the Complaint for lack of subject matter jurisdiction.

RESPECTFULLY SUBMITTED this 21st day of September, 2017.

                                            PRICE, PARKINSON & KERR

                                            */s/* Jason M. Kerr
                                            *Attorneys for Defendant Neil J. Johnson*

**CERTIFICATE OF SERVICE**

On this 20th day of September, 2017, I hereby certify that I electronically caused to have filed the foregoing **DEFENDANT NEIL J. JOHNSON'S RULE 12(b)(6) AND RULE 12(b)(1) MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record for all of the parties.

                                                                             /s/ Angela Johnson