D. Craig Parry (#7274)
Chad S. Pehrson (#12622)
Steven R. Glauser (#15607)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, UT  84111
Telephone:     (801) 532-7840
cparry@parrbrown.com
cpehrson@parrbrown.com
sglauser@parrbrown.com

*Attorneys for Defendant Spectrum Solutions, LLC*

Jason Kerr
PRICE, PARKINSON & KERR
5742 W. Harold Gatty Drive
Salt Lake City, UT  84116
Telephone:     (801) 530-2900
Facsimile:     (801) 530-2932
jasonkerr@ppktrial.com

*Attorneys for Defendant Neil J. Johnson*

# IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ULTRADENT PRODUCTS, INC., a Utah corporation; ORATECH, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SPECTRUM SOLUTIONS LLC, a Utah limited liability company; and NEIL J. JOHNSON, an individual;,<br><br>Defendants. | **JOINT REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) AND RULE 12(b)(1) MOTIONS TO DISMISS**<br><br><br>Case No. 2:17-cv-00890-JNP<br><br>Judge Jill N. Parrish |

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Defendants Spectrum Solutions LLC and Neil J. Johnson jointly and respectfully submit this reply in support of their motions to dismiss Plaintiffs' Defend Trade Secrets Act ("DTSA") claim.

## INTRODUCTION

The Opposition fails to show that Plaintiffs alleged sufficient facts to state a claim for misappropriation under the DTSA. The DTSA claim against Spectrum is based on improper speculation. Plaintiffs fail to allege which trade secrets Spectrum supposedly acquired, when such acquisition occurred, which trade secrets Spectrum supposedly threatened to use, any facts regarding the alleged "threat" by Spectrum to use trade secrets, and other necessary facts. Spectrum cannot defend against such vague and speculative claims. Regarding Johnson, Plaintiffs fail to allege that Johnson misappropriated trade secrets after the DTSA's enactment. Plaintiffs also fail to allege the identity of the trade secrets that Johnson supposedly disclosed to Spectrum. For these reasons, the DTSA claim should be dismissed as to both Spectrum and Johnson.

Not only does the Opposition fail to address the shortcomings of Plaintiffs' DTSA claim, it actually seeks to *add to* the Complaint by alleging new facts that are not found in the Complaint. Plaintiffs now seek to allege, through their Opposition, that Spectrum indicated it could manufacture DNA test kits in "less than six months" and thus, according to Plaintiffs' logic, Spectrum must using Plaintiffs' trade secrets. In reality, the Complaint never alleges that Spectrum indicated a time frame for its manufacturing. The Opposition also seeks to add new allegations that Johnson disclosed trade secrets to Spectrum in 2017. Yet the Complaint does not actually allege the date of Johnson's supposed disclosure. The Complaint only alleges that Johnson's employment with Ultradent ended in November 2015, well before the DTSA's enactment. Plaintiffs cannot use their Opposition to raise new allegations to cure the shortcomings of their Complaint.

# ARGUMENT

## I. PLAINTIFFS' OPPOSITION IMPROPERLY RAISES NEW FACTUAL ALLEGATIONS.

Many of the putative facts asserted in the Opposition are not alleged in the Complaint. For example, Plaintiffs say it took them about two years to be able to manufacture DNA test kits, "yet Spectrum was preparing to do it in less than six months." [Opposition, p. 6.] Nowhere in the Complaint, however, do Plaintiffs allege that Spectrum indicated it could manufacture DNA test kits in less than six months. The only allegation regarding Spectrum manufacturing test kits states, "In a July 2017 meeting between Oratech and Spectrum, Spectrum announced its intention to manufacture the Covered Products itself." [Complaint, ¶ 31.] Nothing is alleged about the timing of Spectrum's manufacturing. *Id.* Plaintiffs' factual allegation in the Motion is not found in the Complaint and thus cannot be used to support a speculative leap for their DTSA claim, namely that because it took Plaintiffs a long time to be able to make DNA test kits and because Spectrum says it can do it faster, Spectrum must be using Plaintiffs' trade secrets. [*See* Opposition, pp, 6, 10.] But the Complaint does *not* allege that Spectrum indicated it could prepare to manufacture test kits faster than Oratech.

The Opposition also attempts to add to the Complaint in regards to Johnson's conduct. Plaintiffs discuss the Parties' contract discussions in 2017 and then state, "It was during this time period when Spectrum was preparing to manufacture DNA test kits itself that the Complaint alleges Mr. Johnson was consulting for Spectrum and disclosing Ultradent's trade secrets to assist Spectrum's attempt to set up a manufacturing facility." [Opposition, p. 6 (emphasis added).] The Opposition also states, "Mr. Johnson's disclosure of the Ultradent Parties' trade secrets…was occurring in July 2017…" [*Id.* at p. 8.] Yet the Complaint does not allege that Johnson disclosed

3

trade secrets to Spectrum in 2017. The Complaint does not allege what Plaintiffs now claim it alleges. Plaintiffs' single misappropriation allegation regarding Johnson is that he violated his employment agreement with Ultradent by disclosing Ultradent's trade secrets to Spectrum *on an unspecified date*. [Complaint, ¶ 40.] Never do Plaintiffs' allege that Johnson made any improper disclosure in 2017 or after the DTSA's enactment. To support this new allegation–that Johnson disclosed trade secrets in 2017–Plaintiffs cite paragraphs 23-31 of the Complaint. [Opposition, p. 6.] But Johnson is not mentioned once in those paragraphs. [*See* Complaint, ¶¶ 23-31.] Instead, the only allegation of misappropriation for Johnson asserts conduct on an unidentified date. [*Id.* at ¶ 40.]

"Plaintiffs cannot rectify their pleading deficiencies by asserting new facts in an opposition to a motion to dismiss." *Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227, 1230 (D. Colo. 2010) (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) ("a complaint may not be amended by briefs in opposition to a motion to dismiss.")). The Opposition seeks to avoid dismissal by improperly raising new factual allegations that are not alleged in the Complaint. This evidences that the Complaint is devoid of sufficient factual allegations to support a DTSA claim.

## II. PLAINTIFFS' DTSA CLAIM IS IMPROPERLY SPECULATIVE.

"Factual allegations must be enough to raise a right to relief above the speculative level..." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); *Webb v. Convergent Outsourcing, Inc.*, No. 11-2606-JTM, 2012 WL 162394, at *1 (D. Kan. Jan. 19, 2012) (granting motion to dismiss because plaintiff's "conclusory allegations simply do not take the Complaint out of the speculative realm."). Requiring allegations

4

beyond mere speculation serves to ensure a defendant is placed on notice of its alleged misconduct sufficient to prepare a defense and serves "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

Plaintiffs' DTSA claim against Spectrum is based upon the following alleged chain of speculation: it took considerable time, resources, and effort for Oratech to be able to manufacture DNA test kits [Complaint, ¶ 11]; Spectrum indicated its intention to manufacture the DNA test kits itself [Complaint, ¶ 31]; Spectrum can only manufacture DNA test kits itself by using Plaintiffs' trade secrets [Opposition, p. 10; Complaint, ¶ 71]; Plaintiffs' former employee has consulted or been employed by Spectrum[1] [Complaint, ¶ 64]; therefore, Spectrum has or will misappropriate Plaintiffs' trade secrets [Opposition, p. 10]. This is the epitome of speculation. As discussed in the Motion, Plaintiffs fail to allege sufficient facts to support this claim.[2] Plaintiffs fail to allege which trade secrets Spectrum supposedly acquired, which trade secrets Spectrum has

---

[1] The allegation that defendant hired a former employee of plaintiff and who has plaintiff's trade secrets is insufficient to state a claim for trade secret misappropriation. *See Ciena Commc'ns, Inc. v. Nachazel*, No. 09-cv-02845-MSK-MSJ, 2010 WL 3489915, at *4-5 (D. Colo. Aug. 31, 2010) (dismissing trade secret misappropriation claim and rejecting argument that misappropriation by former employee [here, Johnson] can be imputed to employee's new employer [here, Spectrum] because "such an absolute rule" would essentially impose "strict liability on a corporation that hires a person possessing others' trade secrets.").

[2] Plaintiffs also allege Spectrum misappropriated trade secrets by visiting Ultradent's facilities on an unidentified date (likely before the DTSA's enactment) wherein Spectrum obtained Ultradent's trade secrets. [Complaint, ¶ 70.] While Plaintiffs restate this allegation in the fact section of the Opposition, they make no attempt to explain or support this conclusory and undated allegation in the argument section. [Opposition, pp. 5-12.] Also, such a threadbare recital of misappropriation must be supported by additional factual allegations. *See Knights Armament Co. v. Optical Sys. Tech., Inc.*, 586 F. Supp. 2d 1369, 1377 (M.D. Fla. 2008) (dismissing trade secret misappropriation claim because, even though plaintiff alleged defendants "had access through business dealings that exposed them to [plaintiff]'s facilities and products," plaintiff failed to allege further facts regarding misappropriation).

or will supposedly use, how Spectrum will use such trade secrets, the supposed "threat" by Spectrum to use Plaintiffs' trade secrets, what trade secrets were acquired by Johnson, which trade secrets Johnson disclosed to Spectrum, and when all this conduct occurred. [Motion, pp. 6-9.] Spectrum cannot begin to defend this claim without knowing what trade secrets it supposedly misappropriated and how it is going to supposedly use such trade secrets. Plaintiffs' DTSA claim is based on nothing more than the allegation that Spectrum has indicated it will manufacture DNA test kits on its own and Plaintiffs think Spectrum can only do this successfully by using their trade secrets.

Such speculation is insufficient to support a trade secret misappropriation claim. In *Accenture Global Services GMBH v. Guidewire Software Inc.*, the plaintiff alleged trade secret misappropriation based on the defendant's "surprisingly quick development trajectory" of a competing software program which the defendant could offer to a third party "for $10 million less than [the plaintiff]." 581 F. Supp. 2d 654, 658 (D. Del. 2008). The plaintiff argued that because it took "significant investment…a large body of knowledge" and "required substantial development" for the plaintiff to develop its program, the defendant could only have developed a competing program by using the plaintiff's trade secrets, "particularly in light of [the defendant's] small size and relatively light experience in the insurance market." *Id.* The court dismissed the trade secret claim, finding the plaintiff's allegations to be nothing more than conclusions and formulaic recitations of the elements of a cause of action. *Id.* at 662-63. As the court explained, the plaintiff "assumes, based on what it feels was 'a surprisingly quick development trajectory,' that [the defendant] has 'somehow' obtained and used [the plaintiff]'s trade secrets." *Id.* at 663. The court found the plaintiff's opinion to be "of no import" and held the plaintiff "is not entitled to conduct a fishing expedition based upon such bare allegations." *Id.* at 663.

Similarly, an allegation that Spectrum indicated it intends to manufacture DNA test kits itself does not state a claim for trade secret misappropriation. Plaintiffs' DTSA claim requires too many speculative leaps and lacks the necessary factual enhancement. The DTSA claim should be dismissed accordingly.

## III. PLAINTIFFS FAIL TO STATE A DTSA CLAIM AGAINST JOHNSON.

Plaintiffs further fail to state a DTSA claim against Johnson because they fail to allege Johnson misappropriated after DTSA's enactment and fail to sufficiently allege the trade secrets Johnson misappropriated. The DTSA only applies to acts of misappropriation that occurred on or after May 11, 2016. *See, e.g.*, *Avago Techs. U.S. Inc. v. Nanoprecision Prod., Inc.*, No. 16-cv-03737-JCS, 2017 WL 412524 (N.D. Cal. Jan. 31, 2017) ("Because [claimant] has failed to allege any facts showing that acts of misappropriation occurred *after* DTSA came into effect, its DTSA claim fails on the pleadings." (emphasis in original)).

The only allegation of misappropriation against Johnson in the Complaint is that Johnson violated his employment agreement with Ultradent on an unspecified date by disclosing Ultradent's trade secrets to Spectrum. [Complaint, ¶ 40.] Plaintiffs never allege when this conduct occurred. The only allegation that contains a date with respect to Johnson is that his employment with Ultradent terminated on November 2, 2015, well before the DTSA's enactment. [*Id.* at ¶ 33.] While Plaintiffs may now argue that "it is clear that all of the principal allegations occurred in 2017" [Opposition, p. 6], nothing in the Complaint alleges Johnson misappropriated trade secrets after DTSA's enactment–Plaintiffs are merely attempting to supplement their Complaint with language in their Opposition. Because Plaintiffs fail to allege in their Complaint any acts of misappropriation by Johnson occurring after the DTSA's enactment, their DTSA claim with respect to Johnson must be dismissed. *See Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017

7

WL 3007078, at *3 (N.D. Cal. July 14, 2017) (dismissing DTSA claim because claimant failed "to allege any act of misappropriation after May 11, 2016, the date the DTSA was enacted, in support of the DTSA cause of action.").

Plaintiffs' DTSA claim against Johnson suffers from other insufficiencies as they never identify which trade secrets Johnson supposedly acquired or disclosed. [*See* Complaint, ¶ 40.] For these reasons, the Court should dismiss the DTSA claim against Johnson.

## IV. THE COURT SHOULD DISMISS THE STATE-LAW CLAIMS.

Plaintiffs' DTSA claim is the only alleged basis for federal jurisdiction. The Tenth Circuit has held that district courts should presume to decline jurisdiction over state-law claims when federal claims no longer remain: "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); 13D Fed. Prac. & Proc. Juris. § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental jurisdiction if the underlying [federal] claims are dismissed before trial.") (collecting cases). Because this suit is only at the pleading stage of litigation, the Court should dismiss Plaintiffs' remaining state-law claims after the underlying DTSA claim is dismissed. *See Raben Tire Co., LLC v. McFarland*, No. 5:16-cv-00141, 2017 WL 741569, at *3 (W.D. Ky. Feb. 24, 2017) (dismissing DTSA claim for failure to state a claim and declining to exercise supplemental jurisdiction over remaining state-law claims).

## **CONCLUSION**

For the foregoing reasons, Spectrum and Johnson request that the Court dismiss Plaintiffs' DTSA claim, and therefore the Complaint.

8

RESPECTFULLY SUBMITTED this 31st day of October, 2017.

                              PARR BROWN GEE & LOVELESS

                              */s/ Steven R. Glauser*
                              D. Craig Parry
                              Chad S. Pehrson
                              Steven R. Glauser
                              *Attorneys for Defendant Spectrum Solutions LLC*


                              PRICE, PARKINSON & KERR

                              */s/ Jason M. Kerr\**
                              Jason M. Kerr
                              *Attorneys for Defendant Neil J. Johnson*
                              (*signed by filing attorney with permission)

**CERTIFICATE OF SERVICE**

On this 31st day of October, 2017, I hereby certify that I electronically caused to have filed the foregoing **JOINT REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) AND RULE 12(b)(1) MOTIONS TO DISMISS** with the Clerk of Court using the CM/ECF system that will send an electronic notification to counsel of record for all of the parties.

>Timothy K. Conde timothy.conde@stoel.com
>Michael R. Menssen michael.menssen@stoel.com
>STOEL RIVES LLP
>201 South Main Street, Suite 1100
>Salt Lake City, Utah 84111
>*Attorneys for Ultradent Products, Inc.*

    /s/ Kris Henriod

4853-0386-6962, v.4