# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ULTRADENT PRODUCTS, INC., a Utah corporation; ORATECH, LLC, a Nevada limited liability company;<br><br>Plaintiffs;<br>v.<br><br>SPECTRUM SOLUTIONS LLC, a Utah limited liability company; and NEIL J. JOHNSON, an individual;<br><br>Defendants. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:17-CV-890<br><br>Magistrate Judge Dustin B. Pead<br><br>District Judge Jill N. Parrish |

Before the court is Defendant Spectrum Solutions and Defendant Neil J. Johnson's motions to dismiss (ECF Nos. 13, 18). They both argue that Plaintiffs have failed to state a claim under the federal Defend Trade Secrets Act. For the reasons below, the court GRANTS the motions and DISMISSES Plaintiffs' fifth claim for relief. The court will hold open the case for ten days should Plaintiffs wish to file a motion to amend. In the event an amendment is not sought or allowed, the court will dismiss the remaining claims.

## I.    BACKGROUND[1]

### A. THE SPECTRUM/ORATECH DISPUTE

Oratech is Ultradent's wholly-owned subsidiary. In 2012, Spectrum and Oratech entered into an agreement wherein Oratech would manufacture DNA test kits for Spectrum. In 2015, Spectrum and Oratech modified their agreement. Under the modified terms, the agreement would

---

[1] As noted below, the court considers the facts alleged in the complaint as true and views them in the light most favorable to the non-moving parties.

run through September 24, 2017 but would automatically be extended for additional two-year terms absent notice of non-renewal provided in writing at least ninety days before the agreement's expiration. That ninety-day deadline was June 26, 2017, but Spectrum did not provide written notice of non-renewal before that date.

Instead, on June 29, 2017, Spectrum sent Oratech an email indicating that the contract was nearing an end and signaling that Spectrum would not renew the agreement. The next day, Oratech responded with an email of its own indicating that the agreement had automatically been extended for two years because the ninety-day deadline had passed.

In July 2017, Spectrum told Oratech that it intended to manufacture DNA test kits itself. And despite Spectrum's contractual obligation to pay Oratech royalties if it "enter[ed] into an agreement with any person or entity (other than Oratech or a Referred Manufacturer) to manufacture Covered Products or Competitive Products," Spectrum also indicated that it would not pay Oratech royalties for manufacturing DNA test kits itself.

### B. Mr. Johnson's Involvement

Neil J. Johnson was an Ultradent employee from 2002 until his termination on November 2, 2015. When he was terminated, Johnson was the Manager of Production and oversaw assembly of the DNA test kits Oratech manufactured for Spectrum.

Johnson signed employment agreements with Ultradent that prohibited him from disclosing Ultradent trade secrets or confidential, proprietary, technical, or business information during or after his employment with Ultradent. The employment agreements also prohibited him from competing, directly or indirectly, with the business of Ultradent for two years.

### II. LEGAL STANDARD

Unlike state courts, federal courts "are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (citations omitted). Therefore, this court begins with the presumption that a cause of action lies outside of its limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits defendants to test the legal sufficiency of a complaint prior to discovery. Therefore, the court accepts all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). The court also draws reasonable inferences from the allegations and views those in the light most favorable to the plaintiff. *Dias v. City and Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003). The court therefore reviews the challenged portions of the complaint to determine whether they contain sufficient facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. DISCUSSION

The court's subject-matter jurisdiction rests on Plaintiffs' fifth claim for relief: Ultradent's allegation that Defendants violated the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. Defendants ask the court to dismiss this claim for relief because Plaintiffs have failed to allege misappropriation under the DTSA.

The DTSA "creates a cause of action for the 'owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce.'" *Cave Consulting Grp. V. Truven Health Analytics Inc.*,

3

2017 WL 1436044, *3 (N.D. Cal. Apr. 24, 2017) (quoting 18 U.S.C. § 1836(b)(1)). "A 'trade secret' includes 'all forms and types' of information that derives value from being secret and that the owner took reasonable measures to keep secret." *Id.* (quoting 18 U.S.C. § 1839(3)(A), (B)). "'Misappropriation' consists of (a) 'acquisition of a trade secret' by a person who knows or should know the secret was improperly acquired or (b) 'disclosure or use of a trade secret of another without express or implied consent.'" *Id.* (quoting 18 U.S.C. § 1839(5)(A), (B)). Consequently, the DTSA "contemplates three theories of liability: (1) acquisition, (2) disclosure, or (3) use" of a trade secret. *Id.* (citing 18 U.S.C. § 1839(5)).

The DTSA only applies to misappropriations that occurred "on or after the date of [the DTSA's] enactment"—May 22, 2016. *Id.* (quoting Defend Trade Secrets Act of 2016, Pub. Law No. 114-153, May 11, 2016, 130 Stat. 376). But nowhere in Plaintiffs' complaint do they state when the alleged misappropriation occurred.

> With regard to Johnson, Plaintiffs make one DTSA-related allegation:
>
> Upon information and belief, Mr. Johnson and Mr. Christman [a terminated party] violated their Employment Agreements with Ultradent by consulting or being employed by Spectrum and by disclosing Ultradent's trade secrets or confidential, proprietary, technical, or business information to Spectrum.

ECF No. 2 at ¶ 40. The allegation does not indicate when Johnson disclosed trade secrets to Spectrum. Plaintiffs argue that "[i]t was during this time period when Spectrum was preparing to manufacture DNA test kits itself that the Complaint alleges Mr. Johnson was consulting for Spectrum and disclosing Ultradent's trade secrets to assist Spectrum's attempt to set up a manufacturing facility." ECF No. 19 at 6. In support, Plaintiffs cite to ¶¶ 23–31 of the complaint. But Johnson's name does not appear anywhere in those paragraphs, and nowhere in the complaint do Plaintiffs actually make the allegation that Johnson was consulting for Spectrum during a particular period of time. They also do not allege when Spectrum was preparing to

4

manufacture DNA test kits itself. Instead, facing dismissal, Plaintiffs now attempt to reinvent their complaint, reading into it what is not there.

> Regarding Spectrum, Plaintiffs make three more DTSA-related allegations:
>
> Upon information and belief, Spectrum acquired and used Ultradent's trade secrets while having knowledge that it acquired and derived the trade secrets by inducing Mr. Johnson and Mr. Christman to violate their Employment Agreements and that Mr. Johnson and Mr. Christman breached their duty to maintain its secrecy.
>
> Upon information and belief, Spectrum also acquired Ultradent's trade secrets while visiting its facilities to monitor the manufacture of the Covered Products. Spectrum had a duty to maintain the secrecy of the trade secrets it acquired in this way and not use the trade secrets.
>
> Upon information and belief, Spectrum is using or is threatening to use Ultradent's trade secrets it acquired to set up a manufacturing facility to compete with Ultradent.

*Id.* at ¶¶ 69–71. None of the allegations against Spectrum indicate when the alleged misappropriation occurred. Plaintiffs do allege that Ultradent is currently "using or threatening to use Ultradent's trade secrets" to set up a manufacturing facility. *Id.* at ¶ 71. But this conclusory allegation is wholly devoid of any well-pled facts. And a mere recitation of the elements of a cause of action is insufficient to state a claim under DTSA. *See Hydrogen Master Rights, Ltd. V. Weston*, 228 F. Supp. 3d 320, 337–38 (D. Del. 2017) (dismissing DTSA claim because the "complaint does not allege any acts on or after May 11, 2016 other than a conclusory allegation of continuing use and disclosure").[2]

---

[2] The court is mindful that "[i]t is not common for a trade secret misappropriation plaintiff to know, prior to discovery, the details surrounding the purported theft." *Accenture Global Servs. GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654, 662 (D. Del. 2008). But Plaintiffs have utterly failed to allege that any specific conduct occurred on or after May 22, 2016. A conclusory allegation that Spectrum is now using or threatening to use trade secrets, standing alone, cannot salvage the cause of action.

## IV. CONCLUSION AND ORDER

For the reasons above, Defendants' motions to dismiss are **GRANTED**, and Plaintiffs' fifth claim for relief is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' fifth claim for relief is their only federal claim. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998). Because this case is in its infancy and the only federal claim was deficient at the outset, the court is not inclined to exercise jurisdiction over the remaining claims. Consequently, the court will hold open the case for ten days should Plaintiffs wish to file a motion to amend the complaint. If amendment is not sought or allowed, the court will then dismiss Plaintiffs' remaining state claims.

Signed January 8, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge